IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMBER L. HENDERSON,<br><br>Defendant. | Civil No. 19-1300 |

## **COMPLAINT**

COMES NOW the United States of America, by Stephen R. McAllister, United States Attorney for the District of Kansas, and Michelle A. Jacobs, Assistant United States Attorney, and for its cause of action alleges:

1.     This is a civil action for foreclosure and reformation of a Mortgage brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2.     Service may be made upon the Defendant in the following manner:

     a.     Defendant Amber L. Henderson may be served the Summons and a copy of the Complaint at 505 S. 4th Street, Apt. A, Neodesha, KS 67301, within the jurisdiction of this Court.

3.     Defendant Amber L. Henderson executed and delivered to Plaintiff United States, acting through the Rural Housing Service, United States Department of Agriculture, a promissory note on August 15, 1994, in the principal amount of $43,500.00, together with interest at the rate of 8.0000 percent (8.0000%) per annum on the unpaid balance.  As consideration for this note, Plaintiff United States made a Rural Housing loan to Defendant Amber L. Henderson, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq.*).  A true and correct copy of the Promissory Note is attached as Exhibit A.

4.     On August 15, 1994, to secure repayment of the indebtedness, Defendant Amber L. Henderson executed and delivered a purchase-money security interest in the form of a real estate mortgage upon real property commonly known as 1910 N. 10th Street, Independence, Kansas 67301 and located in Montgomery County, Kansas, within the jurisdiction of this Court, described as follows:

> Lot 2, Smith's Sub-division, Replat of Lots 10, 11, 12 and 13, Block 2, Highland Park Addition #2 to the City of Independence, Kansas.

This real estate mortgage was filed on August 15, 1994, in the office of the Register of Deeds of Montgomery County, Kansas, in Book 418 at Page 273.  A true and correct copy of the Mortgage is attached as Exhibit B.

5.     Co-borrower, James R. Henderson, died on February 19, 1996.  Pursuant to the deed of record, the property passed to Defendant Amber L. Henderson.

6.     Due to an error at origination, the real estate mortgage included an incorrect legal description that was not the legal description intended by the parties to the mortgage.  Doc. 1, ¶ 4. Accordingly, the legal description on the mortgage should be reformed as follows to properly reflect the intent of all parties to the real estate mortgage and the real estate owned by the borrower:

> Lot 2, Smith's Sub-division, Replat of Lots 10, 11, 12 and 13, Highland Park Addition #2 to the City of Independence, Kansas.

7.     On August 15, 1994, Defendant Amber L. Henderson executed a Subsidy Repayment Agreement.  The recapture of any and all amounts granted under this Agreement are secured by the Real Estate Mortgage described above pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. § 3550.162.  As of October 9, 2019, there was due the total amount of $39,322.36.  This amount is to be recovered *in rem* only, and only after recovery of the principal (including advances and other recoverable costs)

2

and accrued interest due on the Promissory Note through the date of sale of the real property.  The Subsidy Repayment Agreement is set forth as follows:

| DATE EXECUTED | AMOUNT | EXHIBIT NO. |
|---|---|---|
| August 15, 1994 | $39,322.36 | C |

A true and correct copy of the Subsidy Repayment Agreement is attached as Exhibit C.

1.     Defendant Amber L. Henderson filed Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Kansas in Case No. 96-12485.  Defendant Amber L. Henderson received a discharge on January 21, 1997.  On September 30, 1996, Defendant Amber L. Henderson executed a New Promise to Pay reaffirming the Promissory Note executed on August 15, 1994.  True and correct copies of the Notice of Reaffirmation Agreement and New Promise to Pay are attached as Exhibit D.

2.     On May 11, 1999, (effective date April 15, 1999), Defendant Amber L. Henderson executed and delivered to Plaintiff, acting through the Rural Housing Service, United States Department of Agriculture, a Reamortization Agreement, wherein the reamortized amount (unpaid principal plus interest) became the principal debt of $42,450.27 with interest at 8.0000 percent per annum.  A true and correct copy of the Reamortization Agreement is attached as Exhibit E.

3.     Plaintiff United States is the owner and holder of the liability and security documents set out above, attached as Exhibits A, B, C, D and E.

4.     Defendant Amber L. Henderson failed to pay installments of principal and interest when due in violation of the liability and security documents set out above.  Plaintiff United States elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and made demand for these amounts.

5.      The amount due on the promissory note is principal in the amount of $28,819.77 (including unpaid principal of $24,203.81, escrow replenish of $1,370.83, agency title report fees of $275.00, caretaker fees of $1,700.00, escrow fees of $1,252.85, and late fees of $17.28) as of October 9, 2019; plus interest in the amount of $2,956.62 (including interest on principal of $2,875.26 and interest on advances of $81.36) accrued to October 9, 2019; plus interest accruing thereafter at the daily rate of $6.0384 (including daily interest on principal of $5.3049 and daily interest on advances of $0.7335) to the date of judgment; plus administrative costs of $55.00 (including lis pendens filing fee of $5.00 and a title report fee of $50.00) pursuant to the promissory notes and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.  Plaintiff United States is also owed the amount of $39,322.36 for interest credit or subsidy subject to recapture; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961; and foreclosure of the Defendant's interests in the subject real estate.

6.      No other action has been brought to recover these sums.

7.      Plaintiff United States has completed all loan servicing requirements of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.) and implementing rules and regulations.

8.      The indebtedness due Plaintiff United States is a first and prior lien on the property described above.

9.      The interest of the Defendant is junior and inferior to the interests of Plaintiff United States.

By execution of the mortgage; Defendant Amber L. Henderson agreed that Plaintiff United States, acting through the Rural Housing Service, would not be bound by any present or future

4

State laws allowing for any right of redemption or possession of the real estate following any foreclosure sale.  Exhibit B, paragraph 19.  Therefore, Defendant Amber L. Henderson waived all rights of redemption and there is no right of redemption for any party, including lien creditors.

Plaintiff United States demands *in rem* judgment of foreclosure  and *in personam* judgment against Defendant Amber L. Henderson in the amount of $28,819.77 (including unpaid principal of $24,203.81, escrow replenish of $1,370.83, agency title report fees of $275.00, caretaker fees of $1,700.00, escrow fees of $1,252.85, and late fees of $17.28) as of October 9, 2019; plus interest in the amount of $2,956.62 (including interest on principal of $2,875.26 and interest on advances of $81.36) accrued to October 9, 2019; plus interest accruing thereafter at the daily rate of $6.0384 (including daily interest on principal of $5.3049 and daily interest on advances of $0.7335) to the date of judgment; plus administrative costs of $55.00 (including lis pendens filing fee of $5.00 and a title report fee of $50.00) pursuant to the promissory notes and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff further demands *in rem* judgment in the amount of $39,322.36 for interest credit or subsidy subject to recapture; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961.

Plaintiff United States further demands that its Mortgage be declared a first and prior lien on the real property and that such advances as Plaintiff United States may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff United States further demands that its Mortgage be reformed to correctly reflect the legal description intended by all parties to the real estate mortgage and to properly reflect the real estate owned by the borrower herein.

Plaintiff United States further demands that it be granted *in rem* judgment foreclosing its mortgage on the real property and foreclosing the interest of the Defendant, and that all right, title, and interest in and to the real property of the Defendant, and of all persons claiming by, through or under this Defendant be decreed to be junior and inferior to the Mortgage of the Plaintiff United States and be absolutely barred and foreclosed.

Plaintiff United States further demands that the real property be sold at public sale to the highest bidder, in accordance with 28 U.S.C. §§ 2001-2002, inclusive, with no right of redemption in any party, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff United States further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1)     Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)     The costs of this action and the foreclosure sale;

(3)     The interest accruing on Plaintiff United States' *in personam* judgment against Defendant Amber L. Henderson;

(4)     Plaintiff United States' *in personam* judgment against Defendant Amber L. Henderson;

(5)     The interest accruing on Plaintiff United States' *in rem* judgment for interest credit or subsidy subject to recapture;

(6)     Plaintiff United States' *in rem* judgment for interest credit or subsidy subject to recapture; and,

(7)     Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff United States further demands that the judgment granted it in the Order and Judgment be the final judgment of this Court.

Plaintiff United States further demands that in the event the judgment is not satisfied from the proceeds of the sale, that it be granted judgment against Defendant Amber L. Henderson for any deficiency that exists after crediting the proceeds, together with interest accruing at the legal judgment rate until paid.

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real property.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney
District of Kansas


s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Assistant United States Attorney
Ks. S.Ct. No. 21261
1200 Epic Center
301 N. Main
Wichita, Kansas 67202
PH: (316) 269-6481
FX: (316) 269-6484
Email: michelle.jacobs@usdoj.gov
Attorneys for the Plaintiff

7

## **REQUEST FOR PLACE OF TRIAL**

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Assistant United States Attorney

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

EXHIBIT

A

| TYPE OF LOAN |
|---|
| 502 |

| STATE |
|---|
| KANSAS |
| COUNTY |
| MONTGOMERY |
| CASE NO. |
| 18-63-486405037 |

Date _____ **AUGUST 15** _____, 19 **94**.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ **INDEPENDENCE, KANSAS  67301** _____

THE PRINCIPAL SUM OF **FORTY THREE THOUSAND FIVE HUNDRED AND 00/100** ―――――――――――

DOLLARS ($ **43,500.00** _____ ), plus INTEREST on the UNPAID PRINCIPAL of

**EIGHT** _____ PERCENT ( **8.00** %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in **396** _____ installments as indicated in the box below:

$ **313.00** _____ on _____ **SEPTEMBER 15** _____, 19 **94**, and

$ **313.00** _____ thereafter on the **15TH** of each **MONTH**
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE **THIRTY THREE** ( **33** ) YEARS
from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

_____ (SEAL)
JAMES R. HENDERSON  (BORROWER)

_____ (SEAL)
AMBER L. HENDERSON (CO-BORROWER)

1910 NORTH 10TH

INDEPENDENCE, KANSAS  67301

A Reamortization Agreement dated 4/15/99 in the principal amount of $43,500.00 has been given to modify the payment schedule of this note.

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ 43,500.00 | 08/15/94 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 43,500.00 | |

RECORD OF ADVANCES

USDA-FmHA
Form FmHA 1927-1 KS
(Rev. 12-93)

*Position 5*

## REAL ESTATE MORTGAGE FOR KANSAS

THIS MORTGAGE is made and entered into by ___James R. Henderson and Amber L.___

___Henderson, husband and wife___

residing in ___Montgomery___ County, Kansas, whose post office address is

___1910 N.10th, Independence___ , Kansas ___67301___ ,

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| August 15, 1994 | $43,500.00 | 8.00% | August 15, 2027 |

Original Compared With Record

STATE OF KANSAS
MONTGOMERY COUNTY, } SS Fee 12.00
This instrument was filed for record on the
15 day of AUG. A.D., 19 94 at
2:00 o'clock P.M. and duly record-
ed in book 418 on page 273
Jeanne Buster Register

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. § 1472 (g) or 1490a, respectively, or any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

And this instrument also secures future advances made to anyone herein called borrower under a note or notes covering loans made or insured under the Consolidated Farm and Rural Development Act of Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, for the total principal indebtedness of the original future loans and advances subject to the same terms and conditions regarding the assignment of said notes as hereinabove provided, and all references in this instrument to the "note" shall be deemed to include future notes and advances.

NOW, THEREFORE, in consideration of the loan(s), and as security for future loans pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage, assign, and warrant to the Government the following property situated in the State of Kansas, County(ies) of   Montgomery:

Lot 2, Smith's Sub-division, Replat of Lots 10,11,12 and 13, Block 2,

Highland Park Addition #2 to the City of Independence, Kansas.



EXHIBIT

B

PENGAD 800-631-6989

FmHA 1927-1 KS (Rev. 12-93)

MC-AC   1200

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income there-from, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harm-less the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Govern-ment, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Bor-rower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest, shall be immediately due and pay-able by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Govern-ment determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

)                                        )

(10) To comply with all laws, ordinances, and regulations affecting the property

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights inchoate or consummate, of descent, dower and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable or deny said property, to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Topeka, Kansas 66683, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____15th_____ day

of __August_____, 19 _94_

_____ (SEAL)
James R. Henderson

_____ (SEAL)
Amber L. Henderson

---

STATE OF KANSAS )
                )ss:                          ACKNOWLEDGMENT
COUNTY OF Montgomery )

On this ____15th____ day of __August____ A.D., 19 _94_, before me _____

_____ a notary public _____ personally appeared
(insert title of officer taking acknowledgment)

_James R. Henderson_____ and _Amber L. Henderson husband & wife_
to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

_____they_____ executed the same as _____their_____ voluntary act and deed.

KAREN S. MARSHALL
Notary Public
State of Kansas

_____
Karen S. Marshall          Notary Public.

(SEAL)

My appointment expires ____4-30-1995____

FmHA Instruction 1951-I
Exhibit A

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Subsidy Repayment Agreement

Date of Note 8/15/94 Amount of Note 43,500.00 Date of mortgage 8/15/94

Date of Note _____ Amount of Note _____ Date of mortgage _____

Type of assistance:   502

1. Interest credit /x/
2. Homeownership Assistance
   Program /___/

Address of Property: 1910 North 10th

Independence, KS  67301

BORROWER: Henderson, James R.

CO-BORROWER: Henderson, Amber L.

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves)/in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL

EXHIBIT

C

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us). If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid. The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

    (a) Unpaid balance of loans secured by a prior mortgage as well as
    real estate taxes and assessments levied against the property which
    are due will be paid.

    (b) Unpaid principal and interest owed on FmHA RH loans for the
    property and advances made by FmHA which were not subsidy and are
    still due and payable will be paid to the Government.

    (c) I (we) will receive from the sale proceeds actual expenses
    incurred by me (us) necessary to sell the property. These may include
    sales commissions or advertising cost, appraisal fees, legal and
    related costs such as deed preparation and transfer taxes. Expenses
    incurred by me (us) in preparing the property for sale are not allowed
    unless authorized by the Government prior to incurring such expenses.
    Such expenses will be authorized only when FmHA determines such expenses
    are necessary to sell the property, or will likely result in a return
    greater than the expense being incurred.

    (d) I (we) will receive the amount of principal paid off on the
    loan calculated at the promissory note interest rate.

    (e) Any principal reduction attributed to subsidized interest
    calculations will be paid to the Government.

    (f) I (we) will receive my original equity which is the difference
    between the market value of the security, as determined by the
    FmHA appraisal at the time the first loan subject to recapture of
    subsidy was made, and the amount of the FmHA loan(s) and any
    prior lien. This amount is  $500.00       and represents
    .0114       percent of the market value of the security. (The

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.) The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:_____.  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.

/s/James R. Henderson        Borrower
   James R. Henderson
/s/Amber L. Henderson        Co-Borrower
   Amber L. Henderson
   August 15, 1994
          Date signed


   Accepted and Agreed to
   By/s/Mark D. Hendrickson          (FmHA Official)
      Mark D. Hendrickson
      County Supervisor             (Title)

      August 15, 1994
             Date


                         oOo

*Henderson, A.*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**FILED**

OCT 17 1996

RUSSELL L. BRENNER, CLERK
U.S. Court of Bankruptcy
By_____Deputy

|   |   |
|---|---|
| IN RE | ) |
|  | ) |
| AMBER LYNN HENDERSON | ) |
|  | ) |
| SSN: 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 | ) |

Bankruptcy No. 96-12485
Chapter 7

### Notice of Reaffirmation Agreement

COMES NOW the United States of America, by and through

_____Emily B. Metzger_____, Assistant United States Attorney

for the District of Kansas, on behalf of Rural Development,

formerly Farmers Home Administration (FmHA), and files with the

Court a Reaffirmation Agreement executed by the debtor herein,

and represents:

1.   Rural Development is a creditor of the debtor under the

terms of a Promissory Note executed by the debtor on August 15,

1994, which evidences a loan made under Title V of the Housing

Act of 1949 (42 U.S.C. Section 1471, et seq.)  The indebtedness

due under the note, as of October 7, 1996 was $44,525.82.

2.   Said note is secured by a real estate mortgage on the

debtor's personal residence which is estimated by Rural

Development to have a current market value of $44,000.00.  Filing

bankruptcy constitutes a default under the terms of the mortgage

which can be cured by reaffirmation of the debt.

3.   Rural Development and the debtor entered into a

reaffirmation agreement on September 30, 1996, prior to

discharge, on Form FmHA 460-10, "New Promise to Pay," a copy of

which is attached hereto and incorporated by reference.

**EXHIBIT**

**D**

OCT 2 2 1996

4.   The reaffirmation will allow the debtor to retain possession of her personal residence.

WHEREFORE, Rural Development prays that the Court advise the debtor under 111 U.S.C. Section 524(d) that the reaffirmation is not required by law and of the legal effect of the agreement and consequences of default thereunder, and that it have such other and further relief as the Court deems just.

Respectfully submitted,
JACK WILLIAMS
United States Attorney

By:

EMILY B. METZGER
Assistant United States Attorney
1200 EPIC Center
301 N. Main
Wichita, Kansas   67202
316-269-6481
KS S.CT. #10750

## CERTIFICATE OF MAILING

I hereby certify that a copy of the above and foregoing Notice of Reaffirmation Agreement was mailed on the __17th__ day of __October__, __1996__, addressed to the following:

Douglas D. Depew
620 Main
P. O. Box 313
Neodesha, Kansas 66757
Attorney for Debtor, and

William B. Sorensen, Jr.
200 West Douglas, Suite 430
Wichita, Kansas   67202
Trustee

Assistant U. S. Attorney

| Form FmHA 460-10<br>Rev 7-95<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE<br><br><br>**NEW PROMISE TO PAY** | **KIND OF LOAN**<br>☐ FO<br><br>☐ FO-NFE   ☐ RRH<br><br>☐ SW (Ind.)   ☐ LH<br><br>☐ RL   ☐ OL<br><br>☐ EM   ☐ EO<br><br>☐ OTHER | **STATE**<br>KANSAS<br>**COUNTY**<br>MONTGOMERY<br>**CASE NO.**<br>18-63-514763909<br>**LOAN CODE**<br>46-01<br>**SOURCE OF FUNDS**<br><br>☒ INSURED   ☐ DIRECT |
|---|---|---|

For value received, the undersigned jointly and severally:

   1.   Waive any defense the undersigned may have under the Bankruptcy Code (Title 11, U.S. Code), the Federal Statute of Limitations (28 U.S.C. #2415), or under any Federal or state insolvency law with respect to the indebtedness hereinafter described.

   2.   Acknowledge liability for, reaffirm, and promise to pay to the United States of America, acting through the Consolidated Farm Service Agency or Rural Housing & Community Development Service, United States Department of Agriculture, or the Commodity Credit Corporation, an instrumentality of the United States of America, as the case may be, at the county office address set forth below, the total unpaid balance of the indebtedness incurred under the instruments of debt and related security instruments described as follows:

PROMISSORY NOTES, ASSUMPTION AGREEMENTS OR
OTHER INSTRUMENTS OF DEBT

| _Instrument_ | _Date_ | _Executed By_ | _Original_<br>_Payee_ | _Principal Amount_ |
|---|---|---|---|---|
| Promissory<br>Note | 8-15-94 | James R. Henderson<br>Amber L. Henderson | FmHA | $43,500.00 |

MORTGAGES OR OTHER SECURITY INSTRUMENTS

| _Instrument_ | _Date_ | _Executed By_ | _Secured Party_ | _Recording Data_ |
|---|---|---|---|---|
| Real Estate<br>Mortgage for<br>Kansas | 8-15-94 | James R. Henderson<br>Amber L. Henderson | FmHA | Filed for record in the<br>Montgomery County<br>Register of Deeds<br>Book 418 at Page 273<br>on August 15, 1994. |

3.   Agree to pay said indebtedness in accordance with the terms of said instruments and any supplementary agreements, except that any indebtedness now past due under the terms of said instruments shall be due and payable on the date hereof. Otherwise, all provisions of said instruments shall continue in full force and effect.

4.   The undersigned agree that this agreement is executed previous to, or is in ratification of an agreement made previous to, the date of discharge in a case in which the undersigned sought an order for relief under the Bankruptcy Code of 1978 (Title 11, United States Code).

5.   I further agree that this New Promise to Pay is executed voluntarily and with the understanding that by signing this Agreement I will not be released or discharged from personal liability on the obligations referred to in paragraph 2 hereof. I further understand that THIS AGREEMENT MAY BE RESCINDED AT ANY TIME PRIOR TO MY DISCHARGE OR WITHIN SIXTY (60) DAYS AFTER THIS AGREEMENT IS FILED WITH THE COURT, WHICHEVER OCCURS LATER, BY GIVING NOTICE OF RESCISSION TO THE UNITED STATES DEPARTMENT OF AGRICULTURE.

6.   I FULLY UNDERSTAND THAT I AM NOT REQUIRED TO EXECUTE THIS AGREEMENT UNDER THE BANKRUPTCY CODE, UNDER NONBANKRUPTCY LAW, OR UNDER ANY AGREEMENT NOT IN ACCORDANCE WITH THE PROVISIONS OF SECTION 524(c) OF THE BANKRUPTCY CODE.

Dated   9/30/96

1910 North 10th
Independence, Kansas 67301

_Post Office Address of Debtor_

AMBER L. HENDERSON          _(Debtor)_

500 South Houston Avenue, Box 386
Altamont, Kansas 67330
_Post Office Address of County Office_

_(Debtor)_

*U.S.GPO·1995-859-033/20029

## DECLARATION OF ATTORNEY

I represent the debtor(s) in the bankruptcy now pending and in the negotiation of this reaffirmation agreement on Form FmHA 460-10 "New Promise to Pay." The debtor(s) have been fully advised of the legal effect and consequences of such reaffirmation agreements and the consequences of default under such agreements.

The debtor(s) have been given the opportunity to ask questions about the information to be given concerning reaffirmation at the discharge hearing. They have also been advised this reaffirmation of debt is fully enforceable whether or not they attend an in-court discharge hearing.

I further declare that the reaffirmation of this debt was the fully informed and voluntary act of the debtor(s) and does not create an undue hardship upon the debtor(s) or a dependent of the debtor(s).

Dated this ___1___ day of _8 October_ , 199_6_

Attorney for Debtor(s)



## REAMORTIZATION AGREEMENT

Account Number
3339492

Effective Date
April 15, 1999

The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $     43500.00, plus interest on the unpaid principal of
  8.00000% per year, executed by <u>AMBER L HENDERSON</u>                  and
_____, (Borrower) dated     August 15, 1994
and payable to the order of the Lender.  The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.  The total outstanding balance is $     42450.27.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  8.00000%
per annum at $      316.01 per month beginning     May 15, 1999 and on
the 15th day of each succeeding month until the principal
and interest are paid, except that the final installment of the
entire debt, if not paid sooner, will be due and payable on
     August 15, 2027.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.  These items are called "Escrow Items."  Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.  If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.  Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.

The funds shall be held by a federal agency, including Lender, or in an
institution whose deposits are insured by a federal agency,
instrumentality, or entity.  Lender shall apply funds to pay the Escrow
Items.  Lender may not charge Borrower for holding and applying the
Funds, annually analyzing the escrow account, or verifying the Escrow
Items, unless Lender pays Borrower interest on the Funds and applicable
law permits the Lender to make such charge.  However, Lender may require

EXHIBIT
E



borrower to pay a one-time charge for an independent real estate tax
reporting service used by Lender in connection with this loan, unless
applicable law provides otherwise.  Unless an agreement is made or
applicable law requires interest to be paid, Lender shall not be
required to pay Borrower any interest or earnings on the funds.
Borrower and Lender may agree in writing, however, that interest shall
be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of
the funds, showing credits and debits to the funds and the purpose for
which each debit to the Funds was made.  The funds are pledged as
additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by
applicable law, Lender shall account to Borrower for the excess Funds in
accordance with the requirements of applicable law.  If the amount of
the Funds held by Lender at any time is not sufficient to pay the Escrow
Items when due, Lender may notify Borrower in writing, and, in such case
Borrower shall pay to Lender the amount necessary to make up the
deficiency.  Borrower shall make up the deficiency in no more than
twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument,
Lender shall promptly refund to Borrower any Funds held by Lender.  If
Lender shall acquire or sell the Property, Lender, prior to the
acquisition or sale of the Property, shall apply any Funds held by
Lender at the time of acquisition or sale as a credit against the sums
secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or
assumption agreement or the instruments that secure them, remain
unchanged.

Upon default in the payment of any one of the above installments or
failure to comply with any of the conditions and agreements contained in
the above-described note or assumption agreement or the instruments
securing it, the Lender, at its option may declare the entire debt
immediately due and payable and may take any other action authorized to
remedy the default.

_____ Date 5-11-99
Borrower

_____ Date _____
Borrower